## EVERETT v. LAROCCA et al.

(Circuit Court of Appeals, Fifth Circuit.
March 6, 1925. Rehearing Denied
April 6, 1925.)

### No. 4444.

Bankruptcy ⊜302(1)—Bill by trustee held to state a cause of action for relief against a fraudulent transfer.

A bill by a trustee to set aside a conveyance of real estate by bankrupt within four months prior to bankruptcy *held* sufficient to charge that the conveyance was not made in good faith for a present fair consideration, but with intent to defraud creditors, and complainant *held* entitled to relief, under the evidence, on that ground, and the further ground that it effected a preference to the grantee as a creditor.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Benjamin C. Dawkins, Judge.

Suit in equity by C. J. Everett, trustee in bankruptcy of Josephine Primo, against Salvadore Larocca and others. Decree for defendants, and complainant appeals. Reversed and remanded.

L. L. Dubourg, of New Orleans, La. (Dart & Dart and Leo L. Dubourg, all of New Orleans, La., on the brief), for appellant.

Herman Winsberg and B. B. Howard, both of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By this suit the trustee in bankruptcy of Josephine Primo, who was adjudged a bankrupt on the 15th day of August, 1919, attacked an act of sale or conveyance of described real estate executed by the bankrupt to Salvadore Larocca on the 31st day of July, 1919, for a purported consideration of $3,300, part in cash and part on time. The petition or bill, after alleging that such conveyance was made by the bankrupt when she was insolvent, and with intent to defeat or hinder her creditors, contained the following allegations:

"Petitioner shows that at no time did the said Salvadore Larocca pay unto the said Mrs. Primo any sum of money or any portion of the cash price alleged in the said act, nor were any mortgage notes or any other security given for the purported balance due under the terms of said act. That at the time of the transfer aforesaid, said Salvadore Larocca knew that his sister-in-law, Mrs. Primo, was insolvent and had no property with which to pay her creditors, and that in accepting this transfer without any payments of the same being made he knew it would not inure to the benefit of the other creditors, but, on the contrary, would prejudice her creditors to such an extent as to reduce the possibility of a material payment to them. That his purpose in joining with the said Mrs. Primo was to deprive and defraud her creditors of their claims on said property. That prior to said transfer, at that time, and subsequent thereto, defendant was indebted to various unsecured in a sum exceeding $1,000, all as will appear more fully by reference to the schedules of debts filed by her herein, none of which have been paid by her."

The prayers of the bill included one for general relief. Larocca's answer to the bill put in issue the above-mentioned averments. Evidence adduced was to the following effect: Prior to the conveyance of said property in January, 1919, by its former owner, one Collins, to the bankrupt, Larocca contracted for the purchase of it, but agreed that the title be made to the bankrupt. Larocca supplied most of the cash paid on that purchase, and had not been repaid the advances he had made when the attacked conveyance was executed.

The bill was dismissed. The opinion rendered by the district judge shows that this action was the result of the conclusion that the allegations of the bill showed a simulation or conveyance without any consideration at all, and that the evidence adduced did not support those allegations. We are not of opinion that the averments of the bill showed a simulation or transaction unsupported by any consideration. Those allegations show that the recitals as to consideration were untrue, but are consistent with an inference that the conveyance was supported by a valuable consideration moving from Larocca, and that he was a creditor of the bankrupt. The averments of the bill show a conveyance of property by the bankrupt within four months prior to the filing of the petition, with the intent or purpose on her part to hinder, delay, or defraud her creditors, and that the grantee in that conveyance was not a purchaser in good faith and for a present fair consideration; and the evidence adduced supported the allegations to this effect, and further showed that the transaction effected a preference which was voidable at the instance of the trustee. We are of opinion that the allegations and the proof showed a state of facts entitling the trustee to relief (Bankruptcy Act, §§ 60 and 67e, as

amended [Comp. St. §§ 9644, 9651]); and that the court erred in dismissing the bill.

The decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.